FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 30 2004

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES DOUGLAS MCKEE,

    Plaintiff,

v.    No. CIV 04-0334 MCA/LFG

CAPT. EDDIE V. HELMS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff's good time credits were forfeited in disciplinary proceedings. Plaintiff asserts that the forfeiture violated his constitutional protections because there

was no evidence that he committed the charged offense. He states that he appealed the disciplinary ruling. The complaint seeks restoration of credits against Plaintiff's sentence, return to a lower custody level, and damages.

Plaintiff's allegations do not state claims for damages. Allegations of due process violations in Plaintiff's disciplinary proceedings call in question the constitutionality of the forfeiture of his good time credits. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. The *Heck* rule was extended in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), to § 1983 actions for disciplinary forfeiture of good time credits. Plaintiff's complaint does not allege that the forfeiture of credits has been set aside, *Heck*, 512 U.S. at 486-87, and thus his due process allegations fail to state claims cognizable under § 1983. *Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (explaining that plaintiff who overturns conviction may then bring § 1983 action). Plaintiff's claims for damages will be dismissed.

Secondly, Plaintiff must pursue his claims for restoration of good time credits under the habeas corpus statutes. *See, e.g., Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). This Court could construe the complaint as a habeas corpus petition, *Farrell v. Ramsey*, No. 01-7030, 2001 WL 1130474, at **2 (10th Cir. Sept. 25, 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)), but Plaintiff does not allege that he has exhausted state court remedies. Exhaustion is required, *see Aquiar v. Tafoya*, No. 02-2348, 2004 WL 848417, at **2 (10th Cir. Apr. 21, 2004) (describing exhaustion in state court of habeas petition for good time credits); *cf. Gamble v. Calbone*,

2

--- F.3d ---, 2004 WL 1559803, at *4 (10th Cir. 2004) (noting that exhaustion of a good time forfeiture claim is not always required under Oklahoma statutes), and Plaintiff's claims for restoration of credits will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE

3